UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

DONALD HAROLD JANISCH, II,

                Debtor.
_____/

RYAN SMYLNYCKY,
CHERYL SMYLNYCKY,
and MICHAEL SMYLNYCKY,

                Plaintiffs,

vs.

DONALD HAROLD JANISCH, II,

                Defendant.
_____/

Case No. 20-50703

Chapter 13

Judge Thomas J. Tucker

Adv. No. 20-4472

**OPINION REGARDING PLAINTIFFS' MOTION
TO RELEASE GARNISHED FUNDS TO BANKRUPTCY TRUSTEE**

**I. Introduction**

This adversary proceeding is before the Court on the motion entitled "Motion to Release Garnished Funds to Bankruptcy Trustee," filed by the Plaintiffs Ryan Smylnycky, Cheryl Smylnycky, and Michael Smylnycky (Docket #18, the "Motion"). The Defendant bankruptcy Debtor, Donald Janisch (the "Debtor"), has objected to the Motion. The Court concludes that a hearing on the Motion is not necessary, and that the Motion must be denied, for the reasons stated below.

**II. Background**

The Plaintiffs are judgment creditors of the Debtor. On May 6, 2020, the Plaintiffs

jointly obtained a state court default judgment for $62,399.81 against the Debtor and Janisch Building and Contracting, LLC, jointly and severally.[1]

To try to collect the judgment, Plaintiffs obtained two writs of garnishment from the state court, on August 20, 2020, directed to the Tri-County Bank (the "Bank").[2] The Bank filed a garnishment response on August 31, 2020. The Bank withheld the amount of $11,957.09 from an account that the Debtor acknowledges is a joint account owned by himself and his business, Janisch Building and Contracting. But the Debtor says that the business is his sole propietorship, not a separate entity.[3]

On October 16, 2020, the Debtor filed a voluntary bankruptcy petition in this Court under Chapter 13, Case No. 20-50703 (the "Chapter 13 Case"). The Debtor proposed a Chapter 13 plan,[4] but to date no plan has been confirmed. An adjourned confirmation hearing on the Debtor's proposed plan is scheduled for April 29, 2021.[5]

Meanwhile, the Plaintiffs state, the garnished funds are "currently being withheld by the Bank until further order of the Court."[6]

In their Motion, the Plaintiffs request that this Court: (1) declare that the garnished funds

---

[1] Complaint (Docket # 1), Ex. 8.

[2] Writs of Garnishment (Docket ## 18-4 and 18-5).

[3] Response to Motion to Release Garnished Funds (Docket # 27) at pdf p. 2 ¶ 8. *But see* Tri-County Bank Statements (Docket # 18, Exs. F and G) (listing the bank account in the names of the Debtor and "Janisch Building & Contracting, LLC").

[4] Docket # 24 in Case No. 20-50703.

[5] *See* Order, Docket # 41 in Case No. 20-50703.

[6] Motion (Docket # 18) at pdf p. 2.

2

in the amount of $11,957.09 held by the Bank are property of the bankruptcy estate in the Debtor's Chapter 13 Case; and (2) order that the Bank release the garnished funds to the Chapter 13 bankruptcy trustee.[7]

The Plaintiffs argue that the garnished funds are property of the bankruptcy estate, and should be released to the Chapter 13 trustee so that the trustee may distribute the funds for the benefit of all creditors. The Debtor argues that the garnished funds are not property of the bankruptcy estate, but rather are funds that the Debtor holds in trust for other customers under the Michigan Building Contract Fund Act, Mich. Comp. Laws § 570.151 *et seq.*[8]

**III. Discussion**

In ruling on the Plaintiffs' Motion, the Court does not need to determine whether or to what extent the garnished funds are property of the bankruptcy estate, as argued by the Plaintiffs and as contested by the Debtor. This is because even if the funds are property of the bankruptcy estate, the Court cannot order the Bank to pay the funds to the Chapter 13 trustee.

The Plaintiffs want this Court to order the Bank to release the garnished funds to the

---

[7] *Id.* at pdf p. 11. It is not clear to the Court why the Motion was filed in this adversary proceeding, rather than in the Chapter 13 Case. In this adversary proceeding, Plaintiffs seek a determination that the debt owed by the Debtor to the Plaintiffs is not dischargeable under 11 U.S.C. §§ 523(a)(2)(A) and (a)(4),

[8] "The Michigan Building Contract Fund Act, which is sometimes referenced in case law as the 'Michigan Builders Trust Fund Act,' imposes a 'trust' upon the building contract fund paid by any person to a contractor or subcontractor." *Shafer Redi-Mix, Inc. v. Craft*, 414 B.R. 165, 171 (W.D. Mich. 2009) (internal quotation marks and citation omitted).

The Debtor claims that the garnished funds can be traced to a deposit on a future construction project made by customers Brian and Vivian Romzek. The Romzeks are not listed as creditors on the Debtor's bankruptcy schedules, but are listed in the Debtor's Statement of Financial Affairs as the owners of property held in trust by the Debtor. (Case No. 20-50703, Docket # 19 at pdf p. 5). The Romzeks are not parties in this adversary proceeding.

3

Chapter 13 trustee, so that the funds can be distributed to unsecured creditors, including the Plaintiffs.[9] In seeking this relief, the Plaintiffs argue as if the Debtor's bankruptcy case were a Chapter 7 case, rather than a Chapter 13 case. If it were a Chapter 7 case, it might be possible and appropriate, under certain circumstances, to order the Bank to release the garnished funds to the Chapter 7 trustee. Under 11 U.S.C. § 704(a)(1) one of the duties of a Chapter 7 trustee is to "collect and reduce to money the property of the estate for which such trustee serves . . . ." However, a Chapter 13 trustee has no such duty. *See* 11 U.S.C. § 1302(b)(1) (excluding the duties under § 704(a)(1) from the list of duties of a Chapter 13 trustee).

While the "primary duty of the Chapter 7 trustee is to 'collect and reduce to money property of the estate' . . . [A] chapter 13 trustee does not take custody or control of estate property except for the payments made to the trustee under the chapter 13 plan." *In re Bowker*, 245 B.R. 192, 195 (Bankr. D. N.J. 2000). "The basic role [of a chapter 13 trustee] is to review plans, advise the Court with respect to plans and act as a disbursing agent under confirmed plans . . . ." *Id.* (internal quotation marks and citation omitted)

Under 11 U.S.C. § 1306(b), "[e]xcept as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate." Thus, chapter 13 cases "contemplate that debtors will retain control over their assets absent court order and pending confirmation of a plan," and "chapter 13 debtors are entitled to access to property of the estate after the filing of their cases, to include funds in their bank accounts." *In re Young*, 439 B.R. 211, 219 (Bankr. M.D. Fla. 2012). *See also Bowker*, 245 B.R. at 195 (The debtor in a chapter 13 case "remains in sole possession and control of property of the estate."); *Kerney v.*

---

[9] The Bank is not a party in this adversary proceeding.

*Capital One Fin. Corp.* (*In re Sims*), 278 B.R. 457, 476 (Bankr. E.D. Tenn. 2002) (As a general rule, a chapter 13 debtor remains in possession of property of the estate; and "it is the debtor rather than the chapter 13 trustee who exercises the authority of a trustee under [11 U.S.C.] § 363 to use, sell or lease property of the estate. *See* 11 U.S.C. § 1303.").

If and to the extent the garnished funds are property of the bankruptcy estate, as Plaintiffs contend, the question of what should become of such funds likely will depend on whether the Debtor obtains confirmation of a plan, and what the terms of such a confirmed plan are. Unless and until a plan is confirmed, or the Chapter 13 case is converted to Chapter 7 or dismissed, however, the Debtor retains control of all property of the estate. *See* 11 U.S.C. § 1306(b). The Plaintiffs have cited no authority or legal basis on which this Court could order otherwise.

The Court makes no ruling, and expresses no opinion, at this time, about whether or to what extent the garnished funds are property of the bankruptcy estate.[10] It is not necessary to do at this time.

For the reasons stated above, this Court cannot order that the garnished funds be released to the Chapter 13 trustee, as Plaintiffs seek, so the Plaintiffs' Motion must be denied.

**IV. Conclusion**

For the reasons stated above, the Court will enter an order denying the Plaintiffs' Motion.

---

[10] This question may become relevant in the future. For example, this question may matter at the time of the confirmation hearing in the Debtor's Chapter 13 Case. If the garnished funds are property of the bankruptcy estate, that may affect the liquidation analysis needed to determine if the Debtor's Chapter 13 plan meets the requirement of 11 U.S.C. § 1325(a)(4). That section requires, in order to confirm a plan, that:

> the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date[.]

**Signed on March 29, 2021**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge